## HEARN v. COVINGTON et al. (No. 1726.)

Court of Civil Appeals of Texas. Beaumont.
Dec. 12, 1929.

E. M. Chester, of Beaumont, for appellant.
Marvin Scurlock, of Beaumont, for appellee.

WALKER, J. Appellant brought this suit against W. W. Covington, chief of police of the city of Port Arthur, T. H. Garner, sheriff of Jefferson county, T. A. Butler, justice of the peace, precinct No. 2, Jefferson county, S. H. Williams, Jr., constable, precinct No. 1, Jefferson county, and certain other peace officers of the county and precincts, praying for an injunction to restrain them from interfering with him in the operation of certain slot-vending machines. He alleged that he brought this suit "for the purpose of procuring an order or decree of this court declaring said mint-vending machines * * * not to be gambling devices, and to enjoin the defendants and each of them from seizing and confiscating the same, and from interfering, directly or indirectly, with the lawful operation of the same, for the reason that said machines are not gambling devices under the laws of the state of Texas." It was further alleged that the defendants were unlawfully threatening to destroy appellant's business and seize his machines.

Pending trial on the merits, the judge of the Fifty-Eighth district court of Jefferson county, Texas, granted a temporary injunction restraining the defendants from committing the alleged offenses. Upon hearing, this injunction was dissolved as to all the defendants except S. H. Williams, Jr. There was no evidence that they had ever interfered or intended to interfere with appellant's machines. It was further found that the operation of the machines was not in violation of any law. The injunction was continued in effect as to defendant S. H. Williams, Jr., on the ground that he was attempting to interfere with appellant's business.

Appellant asserts that the injunction should have been kept in effect as to all the defendants, on the ground that it is probable that a large number of suits may be avoided thereby. Appellant also assigns error against the exclusion of a purported interview with the county attorney, Fred White, as published in one of the county papers. These assignments do not show error. As appellees were not interfering nor attempting to interfere in any way with appellant's business, he had no cause of action against them, and consequently no right to an injunction against them. The newspaper item was purely hearsay.

The judgment of the trial court is in all things affirmed.